**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : Master File No. 12-md-02311 <br> : Hon. Marianne O. Battani <br> : |
| | : Case No. 2:12-cv-00202 |
| PRODUCT(S): | : <br> : |
| INSTRUMENT PANEL CLUSTERS | : <br> : |
| This Document Relates to: | : <br> : |
| ALL DEALERSHIP ACTIONS | : |

**ORDER GRANTING DEALERSHIP PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANTS NIPPON SEIKI CO., LTD., N.S. INTERNATIONAL, LTD., AND NEW SABINA INDUSTRIES, INC. AND PROVISIONAL CERTIFICATION OF A SETTLEMENT CLASS**

Upon consideration of Dealership Plaintiffs' Motion for Preliminary Approval of

Settlement with Defendants Nippon Seiki Co., Ltd., N.S. International, Ltd., and New Sabina

Industries, Inc. (collectively "Nippon Seiki") and Provisional Certification of a Settlement Class

(the "Motion"), it is hereby **ORDERED** as follows:

1.  The Motion is hereby **Granted.**

2.  Terms used in the Order that are defined in the Settlement Agreement are, unless

otherwise defined herein, used in this Order as defined in the Settlement Agreement.

<u>Preliminary Approval of Settlement Agreement</u>

3.  The terms of the Settlement Agreement are hereby preliminarily approved, including

the release contained therein, as being fair, reasonable, and adequate to the Settlement Class,

1

subject to a Fairness Hearing.  The court finds that the Settlement Agreement was entered into at

arm's length by experienced counsel and is sufficiently within the range of reasonableness that

notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by

Settlement Class Counsel and approved by the Court at a late date as provided in this Order.

<u>Class Certification</u>

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the

proposed settlement, the Court hereby finds that the prerequisites for a class action have been

met and provisionally certifies the following class for settlement purposes (the "Settlement

Class"):

> All automobile dealers (but excluding Defendants, their parent companies,
> subsidiaries and affiliates, any coconspirators, federal government entities and
> instrumentalities of the federal government, states and their subdivisions, agencies
> and instrumentalities) that during the period from December 2002 up to and
> including the date of the dissemination of notice of settlement, as set forth in
> Paragraph 15 of this Agreement, (a) purchased an Instrument Panel Cluster
> manufactured by one of the Defendants or any current or former subsidiary or
> affiliate thereof, or any co-conspirator or (b) purchased vehicles containing
> Instrument Panel Clusters manufactured by one of the Defendants or any current
> or former subsidiary, affiliate or co-conspirator thereof.

5.    The Court finds that provisional certification of the Settlement Class is warranted in

light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder

is impracticable; (b) Dealership Plaintiff Class representatives' claims present common issues

and are typical of the Settlement Class; (c) Dealership Plaintiff Class representatives and

Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement

Class; and (d) common issues predominate over any individual issues affecting the members of

the Settlement Class.  The Court further finds that Dealership Plaintiff Class representatives'

interests are aligned with the interests of all other members of the Settlement Class.  The Court

also finds settlement of this action on a class basis superior to other means of resolving the matter.

Appointment of Settlement Class Counsel

6.     The Court hereby appoints Cuneo Gilbert & LaDuca LLP, Barrett Law Group, P.A., and Larson • King, LLP as Settlement Class Counsel, and Mantese Honigman Rossman and Williamson, P.C. as Settlement Class Liaison Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7.     Each Dealership Plaintiff Class representative named in the Complaint will serve as Dealership Plaintiff Class representative on behalf of the Settlement Class.

Notice to Potential Class Members

8.     Prior to the Fairness Hearing, Settlement Class Counsel shall utilize the best available means of providing notice of the Settlement Agreement and the Fairness Hearing to all automobile dealerships affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.  Such means of providing notice will be addressed in a subsequent Order following submission by Dealership Plaintiffs at a later date of a proposal for notice to the Settlement Class and related forms for notice, claims and distribution ("Notice Motion").

9.     The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice which shall be agreed upon by Dealership Plaintiffs and Nippon Seiki before submission of the Notice Motion.  The date on which the notice is mailed shall be the "Notice Date."

Other Provisions

10.  In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Dealership Plaintiffs, Nippon Seiki, and the members of the Settlement Class.

11.  The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any Defendants to contest certification of any other class proposed in these coordinated actions.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

12.  The Court approves the establishment of the escrow account under the Settlement Agreements as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

13.  The litigation against Nippon Seiki is stayed except to the extent necessary to effectuate the Settlement Agreement.

IT IS SO ORDERED

s/Marianne O. Battani
HON. MARIANNE O. BATTANI
U.S. DISTRICT JUDGE

Dated:  February 18, 2014